# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 1:14-bk-39770 |
| WILLIAM E. JACKSON | Chapter 13 |
| Debtor(s) | Honorable Jack B. Schmetterer |

## NOTICE OF MOTION

To: Mr. Jesse K. Bray
     Nationstar Mortgage LLC d/b/a Mr. Cooper
     800 State Highway 121 Bypass
     Lake Vista 4
     Lewisville, Texas 75067

**PLEASE TAKE NOTICE** that on April 1, 2020 at 10:00 a.m., the undersigned will appear before the Honorable Jack B. Schmetterer at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 682, Chicago, Illinois 60604 and will then and there present **DEBTOR'S MOTION FOR CONTEMPT OF ORDER CONFIRMING PLAN**, a copy of which is hereby served upon you.

                                                       */s/ Joseph S. Davidson*

                                                       Mohammed O. Badwan
                                                       Joseph S. Davidson
                                                       **SULAIMAN LAW GROUP, LTD.**
                                                       2500 South Highland Avenue
                                                       Suite 200
                                                       Lombard, Illinois 60148
                                                      +1 630-575-8181
                                                       mbadwan@sulaimanlaw.com
                                                       jdavidson@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

     I, Joseph S. Davidson, an attorney, hereby certify that on February 28, 2020, **DEBTOR'S MOTION FOR CONTEMPT OF ORDER CONFIRMING PLAN** was filed with the Clerk of the Court of the United States Bankruptcy Court for the Northern District of Illinois by using the CM/ECF system. I have mailed this document by United States Postal Service Certified Mail, postage prepaid to:

Mr. Jesse K. Bray
Nationstar Mortgage LLC d/b/a Mr. Cooper
800 State Highway 121 Bypass
Lake Vista 4
Lewisville, Texas 75067

*/s/ Joseph S. Davidson*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>WILLIAM E. JACKSON<br><br>Debtor(s) | Case No. 1:14-bk-39770<br><br>Chapter 13<br><br>Honorable Jack B. Schmetterer |

## MOTION FOR CONTEMPT OF ORDER CONFIRMING PLAN

WILLIAM E. JACKSON ("Debtor"), through undersigned counsel, pursuant to 11 U.S.C. § 105(a), moves this Court for Order of Contempt against NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER ("Mr. Cooper") for its violation of this Court's Order Confirming Plan. In support thereof, Debtor states as follows:

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. On November 26, 2008, Debtor executed a mortgage (the "Mortgage") in favor of CitiMortgage, Inc.

3. The Mortgage secured the purchase of 3857 West Crenshaw Street, Chicago, Illinois 60624 (the "Property").

4. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $236,000.00 (the "Loan").

5. On February 7, 2014, CitiMortgage, Inc. executed an Assignment of Mortgage in favor of Federal National Mortgage Association ("Fannie Mae").

6. Pursuant to an agreement with Fannie Mae, Seterus, Inc. ("Seterus") became the mortgage servicer of Plaintiff's Loan.

7. On October 31, 2014, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code [Dkt. # 1].

8. Simultaneously with the voluntary petition for relief, Debtor filed his original Chapter 13 plan [Dkt. # 2].

9. On December 15, 2014, Seterus, Inc. filed a proof of claim (Claim 7-1) in amount of $244,636.36

10. The amount due included an arrearage of $25,247.87.

11. On December 23, 2014, Debtor initiated adversary proceedings against Seterus, Inc. to determine "validity, priority, or extent of a lien or other interest in property."[1][2]

12. On February 3, 2015, the parties agreed that:

- [T]he secured valuation of the subject property is $36,000.00. That the balance of Seterus's claim over and above the amount listed in Section E.3.1 of the most recently filed plan shall be paid as an allowed general unsecured claim even if the claim is filed after the claim filing deadline and notwithstanding anything in the confirmed plan to the contrary, shall be discharged upon the completion of Debtor's plan and entry of a Chapter 13 discharge pursuant to 11 U.S.C. § 1328(a);

- Debtor shall pay to Seterus interest on the $36,000.00 at 5.25% for the duration of the bankruptcy.

13. Debtor's Chapter 13 Plan was confirmed on February 25, 2015 (the "Confirmed Plan").

---

[1] 1:14-ap-00857 *Jackson v. Seterus, Inc.*
[2] See Fed. R. Bankr. P. 7001(2).

14. The Confirmed Plan provides:

**Section B.** *Disbursements by the trustee*

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

(a) Creditor: **Seterus**

Collateral: **3857 W. Crenshaw St., Chicago, IL 60624**

Amount of secured claim: **$36,000.00** APR **5.25%** Fixed monthly payment: **$683.50**; Total estimated payments, including interest, on the claim: **$41,009.69**.

3.2. *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.

**Seterus – See Paragraph G**

**Special Terms** *[as provided in Paragraph G]*

1. Debtor is cramming down the balance owed to Seterus, Inc. relating to the real property at 3857 W. Crenshaw St., Chicago, IL to its fair market value of **$36,000.00**. Any balance owed to Seterus, Inc. that exceeds the market value of $36,000.00 shall be treated as a general unsecured non-priority claim. Debtor shall be responsible to maintain the property taxes and insurance for the property at his own expense outside the plan.

[Dkt. # 33].

15. The Order Confirming Plan was not appealed. Accordingly, the Order Confirming Plan is a final order.

16. On February 28, 2019, Mr. Cooper acquired Seterus.

17. From November 26, 2014 to October 2, 2019, Chapter 13 Trustee made **$36,000.00** in principal disbursements to Seterus and Mr. Cooper.

18. From November 26, 2014 to October 2, 2019, Chapter 13 Trustee made $6,223.68 in interest disbursements to Seterus and Mr. Cooper.

19. From March 31, 2016 to January 31, 2020, Chapter 13 Trustee made $22,464.73 in disbursements on Seterus and Mr. Cooper's unsecured claim(s).

20. Accordingly, pursuant to agreement, Plaintiff's Loan is satisfied.

21. On February 18, 2020, Mr. Cooper mailed Debtor's monthly mortgage statement (the "Statement").

22. The Statement provided, in part:

Payment Due Date: 03/01/2020
**Total Payment Amount: $683.50**

| Explanation of Total Payment Amount (Post Petition Payment) | |
|---|---|
| Principal | $680.52 |
| Interest | $2.98 |
| Escrow Amount (for Taxes and Insurance) | $0.00 |
| **Regular Monthly Payment** | **$683.50** |
| Total Fees and Charges | $0.00 |
| Past Unpaid Amount | $0.00 |
| Partial Payment (Unapplied) | $0.00 |
| **Total Payment Amount** | **$683.50** |

23. The Statement included a detachable payment coupon with payment instructions.

24. The Statement sought to collect on amounts not permitted per the confirmed Plan.

25. Debtor filed for relief under Chapter 13 of the Bankruptcy Code to pay off Mr. Cooper's mortgage lien so that he emerges from Chapter 13 with a fresh start.

26. Mr. Cooper's failure to comply with Debtor's confirmed Chapter 13 plan has caused Debtor to experience anxiety, confusion, and shock consistent with believing that filing for

relief under Chapter 13 of the Bankruptcy Code was futile, and that Mr. Cooper will continue to attempt to collect on Plaintiff's Loan.

27. Suffice it to say, Debtor has been denied the opportunity to face a new opportunity in life with a clear field for future effort unfettered by this Loan.

28. Section 1327(a) of the Bankruptcy Code provides, "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a).

29. As Debtor's plan is confirmed, Debtor's plan is binding on Debtor and Mr. Cooper. *See* 11 U.S.C. § 1327(a) (providing for binding effect of confirmation).

30. Mr. Cooper's continued collection attempts constitutes willful violation of Debtor's confirmed Chapter 13 plan.

31. A violation of a confirmation order is an act of contempt, which like the discharge injunction, may be remedied by the bankruptcy court's authority under 11 U.S.C. § 105(a).

32. 11 U.S.C. § 105(a) allows the court to take any action or make any determination necessary or appropriate to enforce or implement court orders, and its inherent authority authorize the court to award attorney's fees when holding a party in contempt for failure to comply with a prior confirmation order.

33. The court's authority to enforce its orders, including a confirmation order, under § 105(a) must necessarily include the ability to award fees to a debtor who is forced to bring an action, and thus incur attorney's fees, to compel a creditor's compliance with the binding plan and the order confirming the plan.

WHEREFORE, Debtor requests the following relief:

A.  Find that Mr. Cooper violated this Court's Order Confirming Plan;

B.  award actual, and punitive damages, and costs and attorneys' fees; and

C.  award any other relief deemed appropriate and equitable.

DATED: February 28, 2020               Respectfully submitted,

**WILLIAM E. JACKSON**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com