UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: William E. Jackson<br><br>*Debtor(s),* | Chapter 13<br><br>Case No. 14-39770<br><br>Judge Jack B. Schmetterer |

RESPONSE TO DEBTOR'S MOTION FOR CONTEMPT OF ORDER CONFIRMING PLAN

NOW COMES Nationstar Mortgage LLC d/b/a Mr. Cooper, by and through its attorneys, McCalla Raymer Leibert Pierce, LLC, in Response to Debtor's Motion for Contempt of Order Confirming Plan, stating as follows:

The above captioned petition was filed on October 31, 2014 under Chapter 13 of the Bankruptcy Code. The Debtor's Plan was confirmed February 25, 2015 and provided for the mortgage lien on the property located at 3857 W. Grenshaw Street, Chicago, Illinois to be bifurcated into secured and unsecured portions. The secured portion was determined to be $36,000.00 and the Chapter 13 Trustee was directed to tender payments to Nationstar Mortgage LLC d/b/a Mr. Cooper (SII to Seterus) (hereinafter "Mr. Cooper") at 5.25%. The confirmed plan further provides that the debtor will maintain the property taxes and insurance premiums on the subject property himself. (Section G)

On December 05, 2019, after two emails to Debtor's Counsel went unanswered, Mr. Cooper filed its Motion to Compel the debtor to reimburse Mr. Cooper for property taxes paid on the debtor's behalf. Despite the assertions in the confirmed plan, the Debtor failed to pay the requisite property taxes on the subject property. On February 05, 2020 the necessary funds were received by Mr. Cooper and the motion was withdrawn.

On February 28, 2020, less than one month after the Motion to Compel was withdrawn, the Debtor filed the instant Motion for Sanctions, without having first contacted Counsel for Mr. Cooper, even though Debtor's Counsel was well-aware of the identity and contact information for Mr. Cooper's Counsel.

In the Motion for Sanctions the Debtor alleges that Mr. Cooper failed to abide by the confirmation order but neglects to mention that the debtor failed to abide by the confirmation order. The debtor suggests that his conscience was shocked (¶26) upon seeing a bill for $683.50 but failed to mention that Mr. Cooper paid $5,085.50 on his behalf for property taxes that were clearly the responsibility of the Debtor.

In ¶29 the Debtor states that the "plan is binding on Debtor and Mr. Cooper." The plan that is binding on the Debtor and Mr. Cooper specifically states that "Debtor shall be responsible to maintain the property taxes and insurance for the property at his own expense outside the plan." (Section G of the confirmed plan). But that is not what happened. Instead Mr. Cooper was forced to advance $5,085.50 on the Debtor's behalf for property taxes, but the Debtor seems to want to gloss over this information. **Bankruptcy is a court of equity**.

The Debtor goes on to state that he has been "denied the opportunity to face a new opportunity in life with a clear field for future effort unfettered by this (*sic*) Loan." ¶27 However the Debtor fails to state that, until he reimbursed Mr. Cooper for the property taxes advanced on his behalf and the discharge order is entered, Mr. Cooper has a valid lien on the subject property. Furthermore, that reimbursement was only tendered after Mr. Cooper forced the issue with two attempts to contact Debtor's Counsel and a Motion to Compel was filed that was continued, at Debtor's request, twice.

Lastly, the Debtor fails to mention that the discharge order has not been entered and until such time, accounts are still being balanced, to include the account at Mr. Cooper. When the discharge order is entered Mr. Cooper will audit the account and any alleged remaining balance

will be discharged. But that date has not yet happened and the Debtor is premature in his accusations against Mr. Cooper.

    WHEREFORE Nationstar Mortgage LLC d/b/a Mr. Cooper prays that the Motion for Sanctions be denied and for such further relief as this Honorable Court deems just.

Nationstar Mortgage LLC d/b/a Mr. Cooper

/s/ *Toni Townsend*
ARDC #6298370

McCalla Raymer Pierce, LLC
1 N. Dearborn St. Suite 1200
Chicago, IL 60602
(312) 346-9088

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: William E. Jackson<br><br>*Debtor(s)*, | Chapter 13<br><br>Case No. 14-39770<br><br>Judge Jack B. Schmetterer |

CERTIFICATE OF SERVICE

     I, the undersigned, Attorney, Certify that a copy of the attached Response was served to the addresses attached by electronic notice through ECF or depositing the same in the United States Mail at 1 North Dearborn Street, #1200, Chicago, Illinois 60602, at or before 5:00 p.m., on March 27, 2020 with proper postage prepaid.


/s/ *Toni Townsend*

McCalla Raymer Pierce, LLC
1 N. Dearborn St. Suite 1200
Chicago, IL 60602
(312) 346-9088

## SERVICE LIST

To Trustee:                                          **by Electronic Notice through ECF**
Tom Vaughn
55 E. Monroe Street, Suite 3850
Chicago, IL 60603

To Debtor:                                           **by U.S. Mail**
William E. Jackson
2808 Forest Lane
Lansing, IL 60438

To Attorney:                                         **by Electronic Notice through ECF**
Joseph S. Davidson
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148

McCalla Raymer Pierce, LLC
Attorney For: Creditor
1 N. Dearborn St. Suite 1200
Chicago, IL 60602
(312) 346-9088